**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **COYOTE LOGISTICS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 21 C 4789** |
| | ) | |
| **ADVANCE TRUCKING SOLUTIONS,** | ) | **Magistrate Judge Finnegan** |
| **INC., a Canadian Corporation, and** | ) | |
| **ONTARIO, INC. d/b/a PEACE** | ) | |
| **TRANSPORTATION, INC., a** | ) | |
| **Canadian Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Coyote Logistics, LLC has filed suit against Defendants Advance Trucking Solutions, Inc. ("ATS") and 2137458 Ontario Inc., d/b/a Peace Transportation, incorrectly named as Ontario, Inc. d/b/a Peace Transportation, Inc. (hereinafter "Peace") seeking to recover damages associated with the loss of a shipment of pharmaceutical products. Plaintiff alleges that ATS is liable for the lost cargo either pursuant to the Carmack Amendment, 49 U.S.C. § 14706 (Count I), or based on a theory of breach of an indemnification agreement (Count II). Plaintiff also seeks to hold Peace liable for the loss pursuant to the Carmack Amendment (Count III). ATS answered Counts I and II but Peace has moved to dismiss Count III, arguing that the Court lacks personal jurisdiction over the company under Federal Rule of Civil Procedure 12(b)(2) and that Plaintiff cannot state a Carmack Amendment claim against it under Rule 12(b)(6). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated here, the motion to dismiss for lack of personal

jurisdiction is granted, and the motion to dismiss for failure to state a claim is denied as moot.

## BACKGROUND[1]

This lawsuit arises from a contract to ship pharmaceuticals from Canada to the United States. Plaintiff, a freight transportation broker with its principal place of business in Chicago, Illinois, arranged for ATS, a Canadian corporation with its principal place of business in Mississauga, Ontario, to transport a load of pharmaceuticals from Baie-D'Urfe, Quebec to Galderma Laboratories, LP ("Galderma") in Fort Worth, Texas. (Doc. 1 ¶¶ 2, 3, 6). On or about February 28, 2019, Plaintiff tendered the load to ATS in good order and condition, along with a Bill of Lading showing the value of the cargo as $1,693,649.04 and confirming the shipment was to go from Quebec to Texas. (*Id*. ¶¶ 6, 7, 11; Doc. 1-3). Without authorization or consent from Plaintiff, ATS gave the load to Peace and it was subsequently stolen in transit. (Doc. 1 ¶¶ 8, 9). Plaintiff paid Galderma's insurance carrier "Zurich" $100,000 in exchange for "the assignment of all of its rights, title, and interest in the shipment and claim for prosecution and collection of the cargo loss." (*Id*. ¶ 12). On September 9, 2021, Plaintiff filed suit to recover the $100,000 loss from ATS and/or Peace.

## DISCUSSION

### I.    Motion to Dismiss Under 12(b)(2)

Peace first argues that all of the allegations against it must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

---

[1]    The Court "construe[s] the complaint in the 'light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [the nonmoving party's] favor.'" *Zahn v. North Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

### A.    Standard of Review

A complaint need not set forth facts alleging personal jurisdiction, but "[o]nce [the] defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of establishing personal jurisdiction." *Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 818 (7th Cir. 2021).  At this stage of the proceedings, all of Plaintiff's factual allegations are deemed true. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). However, "if the defendant provides an affidavit in support of lack of jurisdiction, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *Colucci v. Whole Foods Market Servs., Inc.*, No. 19 C 8379, 2021 WL 1222804, at *2 (N.D. Ill. Apr. 1, 2021) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)).

In evaluating the parties' arguments, "this court will accept as true any facts in the defendants' affidavits that do not conflict with anything in the record, either by way of [the plaintiff's] complaint or other submissions." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020).  Factual conflicts between the record and the defendants' affidavits will be resolved in the plaintiff's favor. *Id*.  Where, as here, no material facts are in dispute and an evidentiary hearing is unnecessary, the plaintiff "bears only the burden of making a prima facie case for personal jurisdiction." *Id.* (quoting *uBID,Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 423 (7th Cir. 2010)).  *See also Purdue Research Found.*, 338 F.3d at 782.

### B.    Analysis

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the

3

court sits authorizes service of process to that defendant." *Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21 C 6440, 2022 WL 1556381, at *3 (N.D. Ill. May 17, 2022) (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). Plaintiff argues that this Court has personal jurisdiction over Peace pursuant to § 14706(d)(1) of the Carmack Amendment. (Doc. 20, at 4). Under that section, a "civil action . . . may be brought against a delivering carrier . . . in a judicial district . . . through which the defendant carrier operates." 49 U.S.C. § 14706(d)(1). The cited provision, however, concerns venue and does not suffice to give this Court personal jurisdiction over Peace. *Allied Van Lines, Inc. v. Beaman*, No. 07 C 2407, 2008 WL 4866052, at *1-2 (N.D. Ill. July 21, 2008) (the Carmack Amendment's "specific venue provisions are not a substitute for personal jurisdiction."); *Thompson Tractor Co. v. Daily Express Inc.*, No. 2:20-CV-02210, 2020 WL 6121158, at *2 (C.D. Ill. Oct. 16, 2020) ("[T]he Carmack Amendment does not itself authorize service of process" and does not confer personal jurisdiction). *See also 673753 Ontario Ltd. v. HDZ Logistics, LLC*, No. 6:19-CV-506, 2020 WL 10054403, at *3 (M.D. Fla. Apr. 15, 2020) ("[C]ourts that have considered the issue have concluded that § 14706(d) does not permit them to exercise personal jurisdiction over the defendant carrier.") (collecting cases).

In the absence of a federal law providing for personal jurisdiction, the Court must look to Illinois's long-arm statute. *Expeditee*, 2022 WL 1556381, at *3. The Illinois long-arm statute "permits the exercise of personal jurisdiction if it would be allowed under either the United States Constitution or the Illinois Constitution." *Landa v. DPK Communities, LLC*, No. 21 C 1529, 2022 WL 93502, at *2 (N.D. Ill. Jan. 10, 2022) (citing 735 ILCS 5/2-209(c)). *See also Curry*, 949 F.3d at 393. Since "there is no operative difference between

4

these two constitutional limits," the Court considers whether exercise of personal jurisdiction over Peace would violate federal due process. *Id*. (quoting *Mobile Anesthesiologists*, 623 F.3d at 443). *See also Curry*, 949 F.3d at 393 ("[T]he Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause.").

The Due Process clause "authorizes personal jurisdiction over out-of-state defendants when the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (quoting *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 846 (N.D. Ill. 2021). "Personal jurisdiction does not exist where the defendant's contacts with the forum state are merely "random, fortuitous, or attenuated." *Sun Chenyan v. Partnerships and Unincorporated Ass'ns Identified on Schedule "A"*, No. 20 C 221, 2021 WL 1812888, at *2 (N.D. Ill. May 6, 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

Personal jurisdiction may be general or specific. General personal jurisdiction exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Beaulieu*, 529 F. Supp. 3d at 846 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014)). Specific personal jurisdiction exists when "the defendant's contacts with the forum state

[are] 'directly related to the conduct pertaining to the claims asserted.'" *Sun Chenyan*, 2021 WL 1812888, at *3 (quoting *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017)).

Plaintiff does not distinguish between general and specific personal jurisdiction in responding to Peace's motion. The Court does its best to evaluate Plaintiff's arguments within the context of each category.

### 1. General Personal Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 127). The "'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 749 (N.D. Ill. 2018). General personal jurisdiction may also exist in an "exceptional case" where "a corporate defendant's operations in another forum [are] 'so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry.*, 137 S. Ct. at 1558. This requires "more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice." *Kipp*, 783 F.3d at 698 (quoting *Daimler*, 134 S. Ct. at 760-61). Rather, a corporation must have continuous operations in the state that "justify suit . . . *on causes of action arising from dealings entirely distinct from those activities*." *Id*. (emphasis in original).

Peace has submitted a signed declaration from its Safety Coordinator Deep Shikha stating that Peace is an Ontario corporation with its principal place of business in Brampton, Ontario. (Doc. 12-1, Shikha Decl., ¶¶ 6, 7). Plaintiff does not dispute the

accuracy of this declaration so the question is whether Peace has continuous operations in Illinois that are sufficient to make this the exceptional case where Peace is "at home" in the State. *McClellan v. CSX Transp., Inc.*, No. 18 C 4183, 2018 WL 6192192, at *2 (N.D. Ill. Nov. 28, 2018). Peace does not have such operations. To begin, the Complaint itself provides only the barest allegations that Peace provides "transportation services in interstate commerce throughout the United States," and that "[u]pon information and belief" ATS hired Peace to transport the pharmaceutical cargo to Fort Worth, Texas. (Doc. 1 ¶¶ 3, 8, 29). Nothing in the Complaint connects Peace to Illinois.

Moreover, the declaration from Shikha states that Peace does not have an office in Illinois, does not own any property in Illinois, and does not have any employees in Illinois. (Doc. 12-1, Shikha Decl., ¶ 20). Shikha further attests that in 2018 and 2019, only 1.26% of Peace's transports throughout Canada and the United States originated in or were destined for locations in Illinois. (*Id*. ¶ 19). Plaintiff does not provide a contrary declaration or cite any authority suggesting that this minimal amount of contact with Illinois suffices to demonstrate that Peace is "at home" in the State. *See, e.g., Moore v. Alaska Airlines, Inc.*, No. 19 C 2951, 2019 WL 5895434, at *3 (N.D. Ill. Nov. 12, 2019) (defendant airline was not "at home" in Illinois where more than 97% of its revenue was generated outside of Illinois, more than 99% of its employees worked outside of Illinois, and more than 97% of its advertising occurred outside Illinois); *BNSF*, 137 S. Ct. at 1559 (the fact that the defendant had "over 2,000 miles of railroad track and more than 2,000 employees in Montana . . . does not suffice to permit the assertion of general jurisdiction."). On the record presented, Plaintiff has failed to make a prima facie showing of general personal jurisdiction over Peace.

### 2. Specific Personal Jurisdiction

The Court next considers whether Peace is subject to specific personal jurisdiction in Illinois.  There are three "essential requirements" for specific personal jurisdiction over an out-of-state defendant:  "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice."  *Switchboard Apparatus, Inc. v. Wolfram*, No. 21 C 1665, 2022 WL 1591732, at *4 (N.D. Ill. May 19, 2022) (quoting *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012)).  "The inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'"  *Brook*, 873 F.3d at 552 (quoting *Walden*, 134 S. Ct. at 1122).

Plaintiff argues that specific personal jurisdiction is proper solely because Peace has transported shipments to and from Illinois in the past.  Citing Shikha's declaration, Plaintiff stresses that in 2018 and 2019 Peace transported approximately 17,479 loads "throughout Canada and the United States," of which approximately 220 (or 1.26%) either originated in or were destined for Illinois.  (Doc. 20, at 4) (citing Doc. 12-1, Shikha Decl., ¶ 19).  In Plaintiff's view, since Peace availed itself of the benefit of doing business in Illinois it reasonably should have anticipated being haled into court there.  (Doc. 20, at 5). This Court disagrees.

It is well-settled that for specific jurisdiction, a defendant's contacts in the forum state must "demonstrate a real relationship with the state with respect to the transaction at issue."  *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 493 (7th Cir. 2014).

In other words, Peace's "Illinois contacts must have caused or relate to [Plaintiff's] injury." *Kosar v. Columbia Sussex Mgmt., LLC*, No. 20 C 1736, 2021 WL 5356753, at *6 (N.D. Ill. Nov. 16, 2021) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021)).  As noted, the Complaint alleges that: Plaintiff tendered pharmaceuticals to ATS in Quebec for transportation to Texas; upon information and belief ATS then tendered the load to Peace for transportation from Quebec to Texas; the cargo was stolen in transit; and Plaintiff suffered monetary damages stemming from the lost cargo.  (Doc. 1 ¶¶ 6, 8, 9, 12, 28-31; Doc. 1-3).  There are no allegations that the load was bound for Illinois or that it was ever in the State.  *Cf. Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 835 (N.D. Ill. 2004) (Arizona court had specific jurisdiction over defendant carrier that "agreed to transport Schwarz's belongings out of the forum" and "entered the state to pick up Schwarz's belongings.").  Moreover, Peace has presented unrefuted evidence that ATS hired Peace to transport the pharmaceuticals from Quebec to ATS's yard in Mississauga, Ontario, and not to any destination in the United States.  (Doc. 12-1, Shikha Decl., ¶¶ 8, 9; Doc. 12-1, Carrier Confirmation dated 2/28/2019, at 5).

It appears that Peace arranged for another Canadian carrier, DJSS Transport ("DJSS"), to perform the actual transportation of the pharmaceuticals from Quebec to Ontario.  (*Id.*, Shikha Decl., ¶¶ 11, 13).  The Carrier Confirmation memorializing that arrangement makes no mention of Plaintiff, Illinois, or any other destination within the United States, and Shikha attests in his declaration that "[t]here was never any direction to, or agreement on the part of, Peace or DJSS to transport the cargo outside of Canada." (*Id.* ¶¶ 13, 14; Doc. 12-1, Carrier Confirmation dated 2/28/2019, at 6).  According to

9

Shikha, someone claiming to be from DJSS picked up the cargo on February 28, 2019 and "apparently stole it." (Doc. 12-1, Shikha Decl., ¶ 15).

The only arguable connection that exists between Peace, the lost pharmaceuticals and Illinois is Plaintiff, the Chicago-based company that arranged for ATS to transport the cargo from Canada to Texas. But "[a] plaintiff's presence in the forum state is insufficient to satisfy the 'defendant-focused minimum contacts inquiry.'" *Kosar*, 2021 WL 5356753, at *6 (quoting *Walden*, 571 U.S. at 284). This is especially true here where Peace had no knowledge of Plaintiff's involvement in the shipping transaction. Shikha attests in his declaration that Peace has never had a contract with Plaintiff, dealt exclusively with ATS regarding the pharmaceutical cargo at issue here, and was unaware that Plaintiff served as a broker for the shipment until after the cargo disappeared. (Doc. 1-2, Shikha Decl., ¶¶ 16, 17). Shikha's assertion finds support in the Carrier Confirmation between ATS and Peace, which makes no mention of Plaintiff, Illinois, or any other destination within the United States. (Doc. 12-1, Carrier Confirmation dated 2/28/2019, at 5). The Court recognizes that Plaintiff and ATS entered into a Broker-Carrier Agreement stating that all legal actions between those two entities must be brought and maintained in Illinois, but Peace is not a signatory to that agreement and is not bound by its forum selection clause. (Doc. 1 ¶ 5; Doc. 1-2).

Given the undisputed evidence that Peace's suit-related contacts with Illinois are non-existent, combined with the fact that Peace does not have an office, own property, or have any employees in Illinois, the Court finds that exercising jurisdiction over Peace would offend traditional notions of fair play and substantial justice. Peace would face a significant burden in defending this lawsuit in Illinois, and dismissing Peace will not leave

Plaintiff without a remedy – ATS remains a named defendant "from which Plaintiff could potentially recover in full." *Alipourian-Frascogna v. Etihad Airways*, No. 21 C 0001, 2022 WL 847559, at *7 (N.D. Ill. Mar. 22, 2022). Plaintiff does not present any meaningful argument to the contrary and has not met its burden of establishing a prima facie showing of specific jurisdiction over Peace.

### 3. Summary

Peace's motion to dismiss for lack of personal jurisdiction is granted. Peace is not "at home" in Illinois for purposes of general jurisdiction, and Plaintiff's alleged injury did not arise out of Peace's forum-related activities as required for specific jurisdiction.

## II. Motion to Dismiss Under 12(b)(6)

Having concluded that this Court lacks personal jurisdiction over Peace, Peace's motion to dismiss for failure to state a claim is denied as moot.

## CONCLUSION

For the reasons set forth above, Defendant Peace Transportation's Motion to Dismiss [12] is granted in part and denied as moot in part.

ENTER:

Dated: June 8, 2022

_____
SHEILA FINNEGAN
United States Magistrate Judge

11